UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>    Petitioner,<br><br>  v.<br><br>W.J. SULLIVAN,<br><br>    Respondent. | No. 2:18-cv-1659 JAM KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

   Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2017 prison disciplinary conviction for use of a controlled substance based solely on a positive test result. Petitioner alleges that the disciplinary hearing officer violated his right to due process by removing petitioner from the hearing, which prevented petitioner from presenting evidence regarding false positive test results.

   Pending before the court is respondent's November 15, 2018 motion to dismiss on the grounds that there is no federal habeas jurisdiction. (ECF No. 14.) On December 3, 2018, petitioner filed a response to the motion to dismiss. (ECF No. 15.) For the reasons stated herein, the undersigned recommends that respondent's motion to dismiss be granted.

   In 1995, petitioner was sentenced to a term of 25 years-to-life in prison. (ECF No. 1 at 26.) On March 14, 2017, petitioner was found guilty of a prison disciplinary for use of a controlled substance based solely on a positive test result. (Id. at 43.) Petitioner was assessed a

1

30 days credit loss. (Id. at 47.) As discussed above, in the instant petition, petitioner alleges that he was denied his right to due process because he was not allowed to present evidence about false positive results at his disciplinary hearing.

A prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release falls outside the "core of habeas corpus" and must be pursued in an action brought pursuant to 42 U.S.C. § 1983. Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016.) In this case, for the reasons stated herein, restoration of petitioner's lost credits would not guarantee petitioner's earlier release from prison, as he is serving an indeterminate life sentence.

As observed by respondent in the motion to dismiss, petitioner will be released from prison when the California Board of Parole Hearings determines that he is suitable. Cal. Penal Code, § 3041(a)(4). Under California law, the parole board is not required to find petitioner suitable or unsuitable for parole based on any single factor. Nettles, 830 F.3d at 935. Rather, the parole board must consider "'all relevant and reliable information'" in determining parole suitability. Id. (quoting Cal. Code Regs. tit. 15, § 2281(b).) "A rules violation is merely one of the factors shedding light on whether a prisoner 'constitutes a current threat to the public safety.'" Id. (quoting In re Lawrence, 44 Cal.4th 1181, 1191 (2008).) The parole board may deny parole "on the basis of any of the grounds presently available to it." Id. (quoting Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).) As a result, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." Id.

Petitioner's challenge to the disciplinary conviction does not lie at the core of habeas corpus because he cannot show that its expungement would necessarily result in a grant of parole and shorten his incarceration. Because there is no basis for finding habeas jurisdiction over petitioner's due process claim, respondent's motion to dismiss should be granted. See also Rouser v. Unknown, 2: 18-cv-1358 JAM EFB P (ECF No. 14) (habeas corpus petition challenging disciplinary conviction dismissed because it did not fall within the "core of habeas corpus.")

////

////

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 14) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 21, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rou1659.157