UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>W.J. SULLIVAN,<br><br>　　　　　Respondent. | No. 2: 18-CV-1659 JAM KJN P<br><br>AMENDED FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2017 prison disciplinary conviction for use of a controlled substance based solely on a positive test result. Petitioner alleges that the disciplinary hearing officer violated his right to due process by removing petitioner from the hearing, which prevented petitioner from presenting evidence regarding false positive test results.

On November 15, 2018, respondent filed a motion to dismiss on the grounds that there is no federal habeas jurisdiction. (ECF No. 14.) On March 21, 2019, the undersigned recommended that respondent's motion to dismiss be granted. (ECF No. 16.) On April 4, 2019, petitioner filed objections. (ECF No. 17.) Based on petitioner's objections, the undersigned herein issues amended findings and recommendations, again recommending that respondent's motion to dismiss be granted.

////

1

In 1995, petitioner was sentenced to a term of 25 years-to-life. (ECF No. 1 at 26.) On March 17, 2017, petitioner was found guilty of a prison disciplinary for use of a controlled substance based solely on a positive test result. (Id. at 43.) Petitioner was assessed a 30 days credit loss. (Id. at 47.)

A prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release falls outside the "core of habeas corpus" and must be pursued in an action brought pursuant to 42 U.S.C. § 1983. Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016). In this case, for the reasons stated herein, restoration of petitioner's lost credits would not guarantee petitioner's earlier release from prison.

As observed by respondent in the motion to dismiss, petitioner will be released from prison when the California Board of Parole Hearings determines that he is suitable. Cal. Penal Code, § 3041(a)(4). Under California law, the parole board is not required to find petitioner suitable or unsuitable for parole based on any single factor. Nettles, 830 F.3d at 935. Rather, the parole board must consider "'all relevant and reliable information'" in determining parole suitability. Id. (quoting Cal. Code Regs. tit. 15, § 2281(b).) "A rules violation is merely one of the factors shedding light on whether a prisoner 'constitutes a current threat to the public safety.'" Id. (quoting In re Lawrence, 44 Cal.4th 1181, 1191 (2008).) The parole board may deny parole "on the basis of any of the grounds presently available to it." Id. (quoting Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).) As a result, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." Id.

In the March 21, 2019 findings and recommendations, the undersigned found that petitioner's challenge to the disciplinary conviction does not lie at the core of habeas corpus because he cannot show that its expungement would necessarily result in a grant of parole and shorten his incarceration. (ECF No. 16 at 2.)

In his objections, petitioner argues that the at-issue prison disciplinary conviction was used to change his Minimum Eligible Parole Date ("MEPD"). (ECF No. 17.) The undersigned issues these amended issues to address petitioner's argument that the at-issue prison disciplinary

conviction may impact his MEPD.

Attached to the objections is a form titled, "Release Date Change Notice." (Id. at 4.) This document appears to reflect that petitioner's MEPD date was changed from June 19, 2029, to May 22, 2029, due to Milestone Completion Credit. (Id.) In other words, this document does not demonstrate that petitioner's MEPD was changed due to the credits assessed as a result of the at-issue prison disciplinary conviction.

Assuming that petitioner's MEPD could be changed based on the credits assessed as a result of the at-issue prison disciplinary conviction, the undersigned finds that expungement of this conviction would not necessarily shorten petitioner's sentence.

In Nettles, the petitioner's MEPD had passed, and an initial parole consideration hearing had been held where Nettles was found unsuitable for parole, prior to the disciplinary action that Nettles sought to challenge via habeas petition. See Nettles, 830 F.3d at 925–26. Nettles argued that the challenged disciplinary action impacted the duration of his confinement since it delayed his parole hearing and could constitute grounds for future denial of parole. Id. at 927. The Ninth Circuit rejected Nettles's argument, finding that expungement of the disciplinary violation would not necessarily lead to a grant of parole and therefore Nettles's claims did not fall within the "core of habeas corpus." Id. at 934–35. The Ninth Circuit explained:

> Under California law and the circumstances of Nettles's case, the panel could deny parole to Nettles even if he succeeded in expunging the 2008 rules violation report. Furthermore, since the decision to grant an earlier release date on the basis of new information is placed in the discretion of the parole board..., success on Nettles's claim would not even necessarily lead to an earlier parole hearing.

Nettles, 830 F.3d at 935 (citing Cal. Penal Code § 3041.5(d)(1) (parole board has discretion to advance a hearing at the request of an inmate showing a change in circumstances or new information relevant to the inmate's public safety risk)).

Here, unlike in Nettles, petitioner's MEPD date has not passed, and petitioner has not had his initial parole board hearing. However, Nettles is instructive. If petitioner were to have the credit loss restored and the disciplinary action expunged from his record, it might lead to an earlier MEPD and initial parole board hearing, but it would not necessarily lead to an earlier

release from confinement. See Nettles 830 F.3d at 934–35; see also Sandin v. Conner, 515 U.S. 472, 487 (1995) (although disciplinary conviction may not help inmate seeking release on parole, it is only one of "myriad of considerations" relevant to parole decision and does not inevitably affect the length of the prisoner's sentence).

Other district courts have found that the potential for an earlier MEPD is not sufficient to confer habeas jurisdiction. See Carrasco v. Borders, 2019 WL 1063626 at *3 (C.D. Cal. 2019); Pettis v. Asuncion, 2017 WL 927626 at *5 (C.D. Cal. 2017); Olic v. Lizarraga, 2016 WL 7014392, at *3 (E.D. Cal. Dec. 1, 2016) (any advancement of a prisoner's MEPD would not necessarily lead to a speedier release to confer jurisdiction post-Nettles).

Petitioner's challenge to the at-issue disciplinary conviction does not lie at the core of habeas corpus because he cannot show that its expungement would necessarily shorten his incarceration. Because there is no basis for finding habeas jurisdiction over petitioner's due process claim, respondent's motion to dismiss should be granted. See also Rouser v. Unknown, 2: 18-cv-1358 JAM EFB P (ECF No. 14) (habeas corpus petition challenging disciplinary conviction dismissed because it did not fall within the "core of habeas corpus.").

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 14) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the
////

4

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 1, 2019

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rou1659.amd