UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER, | No. 2: 18-cv-1659 JAM KJN P |
| Petitioner, | |
| v. | <u>ORDER</u> |
| W.J. SULLIVAN, | |
| Respondent. | |

     Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2017 prison disciplinary conviction for use of a controlled substance based solely on a positive test result.  Petitioner alleges that the disciplinary hearing officer violated his right to due process by removing petitioner from the hearing, which prevented petitioner from presenting evidence regarding false positive test results.

     On November 15, 2018, respondent filed a motion to dismiss on the grounds that there is no federal habeas jurisdiction.  (ECF No. 14.)  On May 1, 2019, the undersigned recommended that respondent's motion to dismiss be granted.  (ECF No. 18.)  In relevant part, the undersigned found that petitioner's challenge to the disciplinary conviction did not lie at the core of habeas corpus because he could not show that its expungement would necessarily result in a grant of parole or shorten his incarceration.  (<u>Id.</u> at 2.)  On July 11, 2019, the district court adopted the May 1, 2019 findings and recommendations and judgment was entered.  (ECF Nos. 21, 22.)

Pending before the court is petitioner's April 15, 2020 motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b).  (ECF No. 23.)  Petitioner argues that on April 2, 2020, the Board of Parole Hearings ("BPH") denied petitioner parole for ten years.  (Id.)  Petitioner argues that the disciplinary conviction challenged in the instant action "played a big part" in the BPH's decision.  (Id.)

Petitioner did not attach a copy of the transcript from his April 2, 2020 parole suitability hearing to his pending motion.  The undersigned cannot evaluate the merits of the pending motion without reviewing this transcript.

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, petitioner shall provide the court with a copy of the transcript from his April 2, 2020 parole suitability hearing; if petitioner is unable to provide this transcript to the court, within thirty days petitioner shall inform the court why he is unable to provide the transcript.

Dated:  April 23, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rou1659.ord