UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>            Petitioner,<br><br>    v.<br><br>W.J. SULLIVAN,<br><br>            Respondent. | No. 2: 18-cv-1659 JAM KJN P<br><br>FINDINGS & RECOMMENDATIONS |

Introduction

    Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion for relief judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).  (ECF No. 23.)  For the reasons stated herein, the undersigned recommends that petitioner's motion be denied.

Background

    Petitioner challenges a 2017 prison disciplinary conviction for use of a controlled substance based solely on a positive test result.  Petitioner alleges that the disciplinary hearing officer violated his right to due process by removing petitioner from the hearing, which prevented petitioner from presenting evidence regarding false positive results.

    On November 15, 2018, respondent filed a motion to dismiss on the grounds that there was no habeas jurisdiction.  (ECF No. 14.)  On May 1, 2019, the undersigned recommended that

1

respondent's motion to dismiss be granted. (ECF No. 18.) In relevant part, the undersigned found that petitioner's challenge to the at-issue disciplinary conviction did not lie at the core of habeas corpus because he could not show that its expungement would necessarily result in a grant of parole or shorten his incarceration. (Id. at 2.) On July 11, 2019, the district court adopted the May 1, 2019 findings and recommendations and judgment was entered. (ECF Nos. 21, 22.)

On April 15, 2020, petitioner filed the pending motion for relief from judgment. (ECF No. 23.) Petitioner argues that on April 2, 2020, the Board of Parole Hearings ("BPH") denied petitioner parole for ten years. (Id.) Petitioner argues that the disciplinary conviction challenged in the instant action "played a big part" in the BPH's decision. (Id.)

On April 23, 2020, the undersigned ordered petitioner to file a copy of the transcript from the April 2, 2020 parole suitability hearing. (ECF No. 24.) On May 26, 2020, petitioner filed a copy of this transcript. (ECF No. 25.)

Discussion

Petitioner moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides that a court may relieve a party from final judgment for any reason that justifies relief.

As stated in the May 1, 2019 findings and recommendations, a prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release falls outside the "core of habeas corpus" and must be pursued in an action brought pursuant to 42 U.S.C. § 1983. Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016). Under California law, the parole board is not required to find petitioner suitable or unsuitable for parole based on any single factor. Id. at 935. Rather, the parole board must consider "'all relevant and reliable information'" in determining parole suitability. Id. (quoting Cal. Code of Regs. tit. 15, § 2281(b).) "A rules violation is merely one of the factors shedding light on whether a prisoner 'constitutes a current threat to the public safety.'" Id. (quoting In re Lawrence, 44 Cal.4th 1181, 1191 (2008).) The parole board may deny parole "on the basis of any of the grounds presently available to it." Id. (quoting Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).) As a result, "the presence of a disciplinary infraction does not compel the denial of parole, nor does the absence of an infraction compel the grant of

2

parole." Id.

As discussed above, the court granted respondent's motion to dismiss because it found that petitioner's challenge to the at-issue 2017 prison disciplinary conviction did not lie at the core of habeas corpus because petitioner could not show that its expungement would necessarily result in a grant of parole.

In the pending motion, petitioner argues that the BPH found him unsuitable for parole on April 2, 2020 largely based on his at-issue 2017 prison disciplinary conviction. After reviewing the transcript from the April 2, 2020 parole suitability hearing, the undersigned finds that the at-issue 2017 prison disciplinary conviction did not compel the denial of parole.

In its statement of the decision finding petitioner unsuitable for parole on April 2, 2020, the BPH cited several factors. First, the BPH discussed petitioner's extensive criminal history. (ECF No. 25 at 57-58.) Second, the BPH stated that petitioner had problems with substance abuse related issues that had not been addressed. (Id. at 58.) Third, the BPH stated that petitioner's attitudes and beliefs demonstrated unsuitability. (Id. at 58-59.) Fourth, the BPH stated that petitioner's institutional behavior, which included 34 rules violations, did not demonstrate suitability. (Id. at 59-61.)

Based on all the reasons given by the BPH on April 2, 2020 for finding petitioner unsuitable for parole, it is clear that expungement of the at-issue 2017 prison disciplinary conviction would not necessarily result in a grant or parole or shorten petitioner's incarceration. For these reasons, petitioner's motion for relief from judgement should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion for relief from judgment (ECF No. 23) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to

which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 16, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rou1659.req